### OSBURN v. CURTIS, Sheriff.

A purchaser of property sold under execution for cash at the suit a bank, cannot require the sheriff to receive in payment notes and bonds of the bank. *Per Curiam:* The mandate of the court required him to receive the lawful money of the United States. He was incompetent to determine judicially the genuineness and validity of the obligations, or to settle the rights of the parties as mutual debtor and creditor.

APPEAL, by the Planters Bank of Mississippi, from a judgment of the District Court of St. Mary, *Voorhies*, J. *Splane*, for the plaintiff, cited 6 Rob. 387. 11 Rob. 286. 12 Rob. 125. *Maskell*, for the appellants, cited 7 La. 91. 1 An. R. 9. *Olivier*, on the same side. The judgment of the court was pronounced by

SLIDELL, J. The *Planters Bank of Mississippi* having obtained a judgment against *Osburn*, the plaintiff's husband, levied execution on certain slaves, which were offered at public auction by the sheriff, in the usual manner, for cash, and were adjudicated to *Mrs. Osburn* for the price of $1500. This amount she tendered to the sheriff in notes and bonds of the *Planters Bank*, the plaintiff in execution. He refused to receive any thing but lawful money of the United States, and proceeded to re-advertise the property. The plaintiff then obtained an injunction ; and asked a decree compelling the sheriff to

accept the payment of the price as tendered, and to execute a deed for the property.

The sheriff was a mere executive officer, charged with the execution of the judgment of the court. The command of the writ of *fieri facias* was to seize and sell the defendant's property for money, and pay that money to the plaintiff in execution, to the amount of his claim. The mandate of the court empowered him to receive no money but the lawful money of the United States. What was tendered was bank notes or bonds, purporting to be the obligations of the plaintiff in execution. An executive officer, proceeding under such an order, could not be required to act judicially, and determine the genuineness and validity of the obligations tendered. He was incompetent to adjudge a question of compensation, and settle the rights of the parties as mutual debtor and creditor. We think the tender was properly rejected, and that the sheriff did right to refuse a deed, and re-advertise.

It is therefore decreed that the judgment of the court below be reversed; that the injunction be dissolved; and that there be judgment for defendants, with costs in both courts.